FILED

2026 Jul-14  AM 11:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION OF **]** <br> PETRONAS AZERBAIJAN (SHAN **]** <br> DENIZ) S.A R.L. PURSUANT TO **]** <br> 28 U.S.C. § 1782 TO CONDUCT **]** <br> DISCOVERY FOR USE IN **]** <br> FOREIGN PROCEEDINGS. **]** | Case No. 5:26-mc-1155-ACA |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioners Petronas Azerbaijan (Shan Deniz) S.a r.l. and Petronas South Caucasus S.a r.l. (collectively, "Luxcos") filed an application for an order to conduct discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782. (Doc. 1). This Court has reviewed the application, the memorandum of law in support thereof, and all corresponding evidence. (Docs. 1, 3, 4, 5, 6, 7, 8, 10). The court concludes that the statutory requirements of 28 U.S.C. § 1782 are satisfied and the factors identified by the Supreme Court of the United States in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of granting Luxcos' application. Accordingly, the court **GRANTS** the application.

### I.    BACKGROUND

This case arises from a purportedly unlawful arbitration award rendered against the government of Malaysia. (Doc. 3 at 6). In that case, the claimants were a group of descendants of a Malaysian property owner who sought to recover from Malaysia for alleged failure to tender payment pursuant to a contract formed in 1878.

(Doc. 7-1 ¶ 10–12). Luxcos are members of a global Malaysian energy corporate group and were not parties to that arbitration. (*Id.* ¶ 3). After the claimants received the purportedly unlawful arbitration award, they served on nine banks an attachment on Luxcos' assets, asserting that Luxcos are the alter egos of Malaysia. (*Id.* ¶ 27–28). Luxcos are now contemplating bringing civil claims in Luxembourg and Jersey against the arbitration claimants, their attorneys, and the funders of that litigation. (*Id.*; doc. 7 at ¶¶ 3–4; doc. 10-1 ¶¶ 22–46).

## II.    DISCUSSION

Luxcos seek an order granting them leave pursuant to 28 U.S.C. § 1782 to serve James Merchant a subpoena seeking discovery in aid of their contemplated foreign litigation. (Doc. 1). Luxcos explain that, based on evidence provided in other proceedings, they "reasonably believe that Mr. Merchant played an important role in first introducing" the defendants and "developing, procuring, and prosecuting" the allegedly fraudulent arbitration. (Doc. 3 at 20).

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). "Courts review § 1782 applications using two sets of factors—one statutory and one discretionary." *Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1221 (11th Cir. 2019). Beginning with the statutory elements, a court is permitted to grant an

2

application if a petitioner shows four elements: (1) the discovery request is made by a foreign or international tribunal, or by an interested person; (2) the request seeks evidence, whether testamentary or production;  (3) the evidence is "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought resides in the district of the presiding district court. *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007).

Luxcos have established the statutory requirements. As parties in pending or contemplated foreign litigation, Luxcos are "interested person[s]." *Intel Corp.*, 542 U.S. at 247 ("[Section] 1782(a) . . . plainly reaches beyond the universe of persons designated 'litigant.'"). The discovery request seeks production of information related to Mr. Merchant's involvement with the arbitration at issue. (*See* doc. 1-2 at 15–16). The evidence sought is for use in ongoing or contemplated procedures in Jersey and Luxembourg courts. (Doc. 7 ¶¶ 3, 11, 18–21; doc. 10-1 ¶¶ 22–46); *see Intel Corp.*, 542 U.S. at 259 (determining that § 1782(a) encompasses actions when a "dispositive ruling" by an adjudicating body is "within reasonable contemplation."). And the discovery is requested from Mr. Merchant, who resides in this district. (Doc. 8 ¶ 7).

"When these statutory requirements are satisfied, a district court is authorized—but not required—to provide judicial assistance to the applicant." *Dep't of Caldas*, 925 F.3d at 1221. Factors the court may consider include:

whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant; the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to U.S. federal-court judicial assistance; whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and whether the request is otherwise unduly intrusive or burdensome.

*Id.* (alterations omitted).

The relevant discretionary factors weigh in favor of granting Luxcos's request. Mr. Merchant is not a party in the foreign proceedings. *See Intel Corp.*, 542 U.S. at 259 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). There is no indication that this request attempts to circumvent restrictions in foreign courts or the United States. The requests also do not appear to be overly burdensome or intrusive, as Luxcos seek only unprivileged documents and communication between Mr. Merchant and parties involved in the foreign litigation.

Because the statutory requirements have been satisfied and the discretionary factors weigh in favor of granting the request for assistance, the court will exercise its discretion and **GRANT** the application.

## III.    CONCLUSION

The court **GRANTS** Luxcos' application. (Doc. 1). The court **GRANTS** Luxcos leave to serve the subpoena attached to its application as Exhibit B on Mr. Merchant. (Doc. 1-2). The court retains jurisdiction to effectuate this order. The court **DIRECTS** the Clerk to close this case.

**DONE** and **ORDERED** this July 14, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE